UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4862

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL W. EVERS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:07-cr-00044-LHT-DLH-1)

Submitted:  February 12, 2009          Decided:  March 13, 2009

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis Gibson, LAW OFFICE OF DENNIS GIBSON, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael W. Evers appeals from the district court's judgment revoking his supervised release and imposing a sentence of six months' imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal. Evers was notified of his right to file a pro se supplemental brief, but did not do so. Finding no error, we affirm.

We find that the district court did not abuse its discretion in revoking Evers' supervised release. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (providing standard of review). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2008). Based on Evers' admission of his violation of the terms of supervised release, we conclude the district court's decision to revoke supervised release was not an abuse of discretion.

A sentence imposed after revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We must initially determine the reasonableness of the revocation sentence by generally following the procedural and substantive

considerations employed in a review of original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If the revocation sentence is not unreasonable, it will be affirmed; however, if the sentence is in some manner procedurally or substantively unreasonable, there must be a determination of whether it is plainly so. Id. at 439.

During the revocation hearing, the district court had available for its consideration the supervised release violation worksheet which noted the three-to-nine-month advisory imprisonment range provided under U.S. Sentencing Guidelines Manual § 7B1.4(a) (2007). While the court did not specifically reference 18 U.S.C. § 3553(a) (2006) when announcing its sentence, see United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (stating district court need not explicitly address each § 3553(a) factor or refer to the statute); see also Rita v. United States, 551 U.S. 338 (2007), we find that the sentence imposed was within the advisory range and below the statutory maximum, and was not plainly unreasonable. See Crudup, 461 F.3d at 439.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in

3

writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>